# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Submitted November 17, 2025 Decided January 16, 2026

No. 25-5001

SHAHNAZ HAERI MEHNEH AND ALIASGHAR NEJAT,
APPELLANTS

v.

MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS U.S. SECRETARY OF STATE AND ROBERT JACHIM, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF SCREENING, ANALYSIS AND COORDINATION,
APPELLEES

Consolidated with 25-5180

Appeals from the United States District Court
for the District of Columbia
(No. 1:24-cv-01374)
(No. 1:24-cv-01029)

*Curtis Lee Morrison*, *Garrett Carter May*, *Spencer Faber*, and *Andrew T. Tutt* were on the briefs for appellants.

*Leslie K. Dellon, Katherine Melloy Goettel*, and *Jonathan Weinberg* were on the brief for *amici curiae* American

Immigration Council and American Immigration Lawyers Association in support of appellants.

*Felicia H. Ellsworth* was on the brief for *amicus curiae* Cato Institute in support of appellants.

*Brian Scott Green* was on the brief for *amicus curiae* National Iranian American Council in support of appellants.

*Brett A. Shumate*, Assistant Attorney General, U.S. Department of Justice, *Benjamin Mark Moss*, Acting Senior Counsel Office of Immigration Litigation, and *Christopher Ian Pryby*, Trial Attorney, were on the brief for appellees.

Before: CHILDS, *Circuit Judge*, and EDWARDS and GINSBURG, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

GINSBURG, *Senior Circuit Judge*: These consolidated appeals involve claims of unreasonable delay in the adjudication of two visa applications placed in administrative processing by the Department of State. The applicants each filed a complaint seeking to compel the Department to finish adjudicating his application. Both complaints were dismissed for failure to state a claim, and the applicants appealed. While their appeals were pending, the Department concluded the administrative processing of the applications, issuing a visa to one applicant and refusing a visa to the other.

Based upon these intervening events, we conclude the appeals are moot because we cannot grant any effectual relief to the applicants. Because no exception to mootness applies, we dismiss the appeals for lack of jurisdiction.

## I. Background

Shahnaz Haeri Mehneh and Saeid Motevali are U.S. citizens who petitioned for immigrant visas on behalf of their relatives: Mrs. Mehneh on behalf of her husband, Aliasghar Nejat; Mr. Motevali on behalf of his father, Alireza Motevaly Alamouti. Mr. Nejat and Mr. Alamouti each interviewed with a consular officer. Following the interviews, their applications were placed in administrative processing, and they were asked to take additional steps. Shortly after their interviews, they submitted additional information and then waited for the State Department to conclude the administrative processing of their applications. Sixteen months after Mr. Nejat's interview, he and his wife filed a complaint in the district court alleging an unreasonable delay in the adjudication of his application. Mr. Alamouti and his son did the same seven months after Mr. Alamouti's interview.

Both complaints were dismissed for failure to state a claim pursuant to the factors for a claim of unreasonable delay set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). *See Motevali v. Rubio*, No. 24-cv-1029, 2025 WL 885116, at *6-8 (D.D.C. Mar. 21, 2025); *Mehneh v. Blinken*, No. 24-cv-1374, 2024 WL 5116521, at *7-9 (D.D.C. Dec. 16, 2024). Mr. Nejat and Mr. Alamouti each filed a notice of appeal. While their appeals were pending, the Department completed the administrative processing of their applications. The Department issued Mr. Nejat a visa, and he has since entered the country and applied for a green card. The Department refused Mr. Alamouti a visa.

## II. Discussion

Under Article III of the Constitution of the United States, a federal court "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). A case becomes

moot and must be dismissed for lack of jurisdiction "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (cleaned up). The Supreme Court has recognized "two principal exceptions to mootness." *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017) (quoting HARRY T. EDWARDS ET AL., FEDERAL STANDARDS OF REVIEW 135 (2d ed. 2013)). First, when "a party voluntarily ceases the challenged activity," the case is not moot "unless it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024) (cleaned up). Second, the exception for cases that are "capable of repetition yet evading review" applies when "(1) the challenged action is too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Am. Forest Res. Council v. Williams*, 96 F.4th 417, 421 (D.C. Cir. 2024). "The party seeking jurisdictional dismissal must establish mootness, while the opposing party has the burden to prove that a mootness exception applies." *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019).*

---

* The appellants argue the Department bears the burden of showing that the voluntary-cessation exception does not apply. To be sure, the Supreme Court and our court have held "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *see FBI v. Fikre*, 601 U.S. 234, 241 (2024); *see also Row 1 Inc. v. Becerra*, 92 F.4th 1138, 1144 (D.C. Cir. 2024). That burden, however, "does not apply automatically whenever the prospect of mootness is raised by a party's voluntary conduct." *Pub. Citizen,* 92 F.4th at 1128. As we recently explained, we will impose this

**A. Nejat's Appeal**

Mr. Nejat received his visa while his appeal was pending. Because the Department completed administrative processing and issued the visa, we "cannot grant any effectual relief" to Mr. Nejat. *Calderon*, 518 U.S. at 150 (cleaned up). His case is moot. Mr. Nejat nonetheless invokes the voluntary-cessation exception to mootness, but that exception does not save his appeal.

The Department has explained why there is no reasonable expectation that Mr. Nejat will be subject to a similar delay again. Mr. Nejat entered the country after receiving his visa. The Department represented that once Mr. Nejat receives his green card, for which he has applied, "he would not need a visa to reenter the United States unless he leaves for longer than one year (or loses that status)." Appellees' Br. 17; *see* 8 C.F.R. § 211.1(a)(2). Nothing in the record indicates that either event is likely to occur or that Mr. Nejat would face a similar delay in the future if he did need to apply again for a visa.

Mr. Nejat does not dispute this. Instead, he claims the Department "tactically mooted this case" as "part of a nation-wide pattern." Appellants' Reply Br. 30. His only evidence, however, is the Department's timing in this case and in a case dismissed as moot in an unpublished decision by a different court of appeals. *See Chen v. Noem*, No. 24-2058, 2025 WL

---

"heavy burden" under the voluntary-cessation doctrine "only if there is some evidence that the party sought to manipulate the court's jurisdiction." *Samma v. Dep't of Def.*, 136 F.4th 1108, 1114 (2025); *see also Pub. Citizen*, 92 F.4th at 1128 ("Courts have declined to apply the doctrine when the facts do not suggest any arguable manipulation of our jurisdiction" (cleaned up)). Even if the Department were, however, to bear the burden of showing neither exception applies, it has done so in this case for the reasons stated.

1466205, at *2 (2d Cir. May 22, 2025). In that case, the court rejected a similar claim of "gamesmanship" by the Department because the appellant offered "no adequate basis for his contention." *Id.* Here, too, the evidence is not sufficient for us "to impute such manipulative conduct to a coordinate branch of government." *Clarke v. United States*, 915 F.2d 699, 705 (D.C. Cir. 1990). Far from attempting to evade review, when explaining why it filed a motion to strike the briefs of the amici instead of seeking an extension of time to file its reply brief, the Department expressed its desire for this court to rule on the merits of these appeals "expeditiously." Simply put, "this is not a case in which a party sought to strategically avoid judicial review by ceasing a challenged activity." *Samma*, 136 F.4th at 1114 (cleaned up). We therefore agree with the Department that the appeal in *Mehneh* should be dismissed as moot.

**B. Alamouti's Appeal**

The Department refused Mr. Alamouti a visa seven weeks before his case was to be argued in this court. Because the Department completed administrative processing and refused the visa, we cannot grant any relief to Mr. Alamouti. His case is also moot.

Mr. Alamouti claims both exceptions to mootness apply. We see no reason, however, to believe he will again face a similar delay in the adjudication of a visa application. The consular officer refused Mr. Alamouti a visa under 8 U.S.C. § 1182(a)(3)(B), which makes an alien inadmissible due to his "terrorist activities." The consular officer also indicated on the refusal notice that no waiver is available for a person denied a visa for that reason. Mr. Alamouti claims he will face a similar delay if he reapplies for a visa, but a consular officer reviewing a future application would see the reason for his first denial and necessarily refuse him a visa. There is, therefore, no reason to

expect the Department again would spend significant time on processing a future application by Mr. Alamouti.

Mr. Alamouti also claims the Department refused him a visa while his appeal was pending in order to avoid judicial review. We reject this argument for the reasons discussed above with respect to Mr. Nejat. *See Pub. Citizen*, 92 F.4th at 1128; *Clarke*, 915 F.2d at 705.

For these reasons, the appeal in *Motevali* should also be dismissed as moot.[**]

### III. Conclusion

For the reasons stated, we dismiss the appeals as moot. When a pending appeal becomes moot, it is our "general practice" to "vacate and remand with instructions to dismiss." *Planned Parenthood of Wis., Inc. v. Azar*, 942 F.3d 512, 519 (D.C. Cir. 2019); *see, e.g.*, *Pub. Citizen*, 92 F.4th at 1131 (vacating where "no party argues against vacatur, and it will further the public interest by precluding any potential reliance on the challenged orders we lack authority to review" (cleaned up)). We therefore vacate the judgments of the district court and remand with instructions to dismiss the cases as moot.

*So ordered.*

[**] In the alternative, the appellants ask us to create a new mootness exception for claims of unreasonable delay. We decline to do so. *Cf. Alphabet Workers Union-Commc'n Workers of Am., Local 9009 v. NLRB*, 134 F.4th 1217, 1225 (D.C. Cir. 2025) (recognizing only "two exceptions to the [mootness] doctrine").